UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

NICOLE RYDER,

Plaintiff,

-against-

PALL CORPORATION,

Defendant.
--------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
26-CV-758(NRM)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), on referral from the Honorable Nina R. Morrison for decision, is Defendant Pall Corporation's ("Defendant" or "Pall") motion to partially dismiss Plaintiff Nicole Ryder's ("Plaintiff" or "Ryder") Amended Complaint ("Am. Compl."), Docket Entry ("DE") [10], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *See* DE [26]. For the reasons set forth herein, Defendant's motion is denied.[1]

[1] The parties consented to this Court ruling on this dispositive motion pursuant to 28 U.S.C. § 636, *see* DE [25], which Judge Morrison So Ordered. DE [28]. Accordingly, the instant Memorandum and Order rules on the merits of the motion as opposed to recommending a disposition.

# I. FACTS AND BACKGROUND[2]

## A. Pre-Litigation Allegations[3]

Pall is a New York corporation with a principal place of business at 25 Harbor Park Drive, Port Washington, NY 11050. *See* Am. Compl. ¶ 6. At all relevant times, Pall was Ryder's "employer" as defined by Title VII. *Id.* Ryder began working for Pall on a contract basis in approximately 2014. *Id.* at ¶ 10. In May 2015, she was promoted to Strategic Sourcing Agent and Project Manager, and, in approximately 2021, she became Senior Global Indirect Sourcing Manager. *Id.* On or about January 1, 2024, non-party Wissam Assaf ("Assaf") became Ryder's immediate supervisor. *Id.* at ¶ 13. Ryder alleges that Assaf subjected her to sex-based hostility and retaliation, including creating a hostile work environment by engaging in aggressive, interrogation-style conversations, providing an unjustified negative performance evaluation, placing her on a Performance Improvement Plan, and providing disparate opportunities to male and female employees with respect to remote work. *Id.* at ¶¶ 1, 13-14, 18-19, 25-26.

In December 2024, Ryder complained to Pall's Human Resources department about the allegedly hostile work environment. *Id.* at ¶¶ 1, 18. On March 4, 2025, Ryder submitted a demand letter and a formal complaint to Pall concerning alleged

---

[2] The facts are drawn from the Amended Complaint and are accepted as true for purposes of the present motion. *See Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013).

[3] Although the merits of the claims Plaintiff asserts in her original Complaint are not presently at issue, they are addressed to the extent they provide relevant context for the instant motion for partial dismissal.

discrimination and hostile treatment. *Id.* at ¶¶ 27-28. On May 9, 2025, Pall informed Plaintiff that her complaint was unsubstantiated and terminated her employment. *Id.* at ¶¶ 31-32. By way of a Complaint dated February 10, 2026, Plaintiff commenced this action against Pall, asserting violations of Title VII for sex discrimination and retaliation. DE [1].

### B. Post-Litigation Allegations and Procedural Background

On March 5, 2026, Defendant filed its answer to the Complaint and asserted four counterclaims, including: (1) breach of fiduciary duty; (2) constructive trust; (3) conversion; and (4) replevin.[4] *See* DE [7]. On March 23, 2026, Ryder filed an Amended Complaint, which is the operative pleading in this action, in which she asserts the same causes of action but adds allegations that Defendant's assertion of counterclaims was retaliatory. *See* Am. Compl. ¶¶ 61-63. In the instant motion, Defendant seeks partial dismissal of Plaintiff's retaliation claim to the extent it relates to post-litigation conduct. *See* DE [26].

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1960 (2007)). A claim is considered plausible on its face "when the plaintiff pleads

[4] On July 24, 2026, the parties stipulated to the dismissal of Defendant's counterclaims for conversion and replevin, leaving breach of fiduciary duty and constructive trust as the only remaining counterclaims. DE [25].

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Nevertheless, a pleading "that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009)). "[T]hreadbare recitals of the elements of a cause of action," however, that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted); *see Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949

## III. DISCUSSION

Defendant's motion for partial dismissal is limited to Ryder's Amended Complaint insofar as Ryder alleges that Pall's counterclaims for breach of fiduciary duty and constructive trust are retaliatory. *See* Defendant's Memorandum of Law in Support of Motion ("Def.'s Mem."), DE [26-1], at 6-8; DE [25] (stipulating to dismissal of claims for conversion and replevin). The motion is denied.

Title VII prohibits an employer from retaliating against an employee for opposing an unlawful employment practice or participating in a Title VII investigation or proceeding. *See* 42 U.S.C. § 2000e-3(a). A retaliation claim requires that: (1) the plaintiff engaged in protected activity; (2) the employer knew of that activity; (3) the plaintiff suffered a materially adverse action; and (4) a causal connection existed between the protected activity and the adverse action. *See Littlejohn v. City of New York*, 795 F.3d 297, 315-16 (2d Cir. 2015) (identifying the elements of a retaliation claim); *see also Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 301-02 (E.D.N.Y. 2016) (applying elements of Title VII retaliation at the pleading stage). To survive a motion to dismiss, the plaintiff must plausibly allege that the employer took an adverse action because she engaged in protected activity. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015) (setting forth the pleading standard for Title VII retaliation claims). There is no dispute that Plaintiff's complaint to Pall and commencement of this action constitute protected activity. The primary issue here is whether Pall's assertion of counterclaims against a former employee constitute retaliation under Title VII.

Relevant for purposes of this motion, an action is materially adverse if it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415 (2006) (internal quotation marks omitted). The challenged conduct need not affect the terms or conditions of employment, and its significance must be assessed in context. *See id.* at 64, 69, 126 S. Ct. at 2412-13, 2415 (explaining the

scope and contextual nature of the retaliation standard). These protections extend to former employees. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 346, 117 S. Ct. 843, 849 (1997) (holding that former employees fall within Title VII's antiretaliation provision); *see also Vazquez v. 142 Knickerbocker Enters. Corp.*, No. 13-CV-6085(EK)(PK), 2024 WL 4437164, at *14 (E.D.N.Y. Oct. 7, 2024) (recognizing that Title VII protects former employees from retaliation); *Han v. Shang Noodle House, Inc.*, No. 20-CV-2266(PKC)(VMS), 2022 WL 4134223, at *7 (E.D.N.Y. Sept. 12, 2022) (same). To establish causation, the plaintiff must allege that the action would not have occurred absent the retaliatory motive, but is not required to allege that retaliation was the employer's sole consideration. *See Vega*, 801 F.3d at 90-91. To this end, Courts in the Second Circuit have concluded that filing bad faith litigation may be retaliatory. *See Dominguez v. Mega Mart LLC*, No. 23-CV-1372(EK)(PKC), 2026 WL 865824, at *9 (E.D.N.Y. Mar. 20, 2026); *Alvarado v. GC Dealer Servs. Inc.*, 511 F. Supp. 3d 321, 360 (E.D.N.Y. 2021) ("Bad faith or groundless counterclaims and other legal proceedings against employees who assert statutory rights are actionable retaliation precisely because of their *in terrorem* effect.") (citing *Torres v. Gristedes Op. Corp.*, 628 F. Supp. 2d 447, 473 (S.D.N.Y. 2008)).

Plaintiff's allegations regarding Defendant's post-litigation conduct, accepted as true, are sufficient to withstand Defendant's motion for partial dismissal. In her Amended Complaint, Plaintiff alleges that Pall's counterclaims are asserted in bad faith and are causally related to Plaintiff pursuing her Title VII claims. *See* Am. Compl. ¶ 37. She further alleges that Pall's counterclaims were asserted in direct

retaliation for her commencement of this lawsuit. *Id.* at ¶ 36. To this end, Ryder states that Pall was aware of the facts of which it now complains before Ryder commenced this action, supporting an inference of retaliatory intent. *Id.* at ¶ 39. Accordingly, Ryder asserts that the counterclaims "lack legal and factual merit" and that the "legal deficiency of the counterclaims further demonstrates that they were not brought in good faith." *Id.* at ¶¶ 40, 44. As a result, Plaintiff alleges that she has "suffered harm to her personal and professional reputation, embarrassment, emotional distress, intimidation, legal costs, incurred in defending the counterclaims, and delay." *Id.* at ¶ 48.

Defendant argues that its counterclaims cannot form the basis of a retaliation claim because they have a reasonable basis in fact and law and Plaintiff has not plausibly alleged otherwise. *See* Def.'s Mem. at 8-14. The Court need not evaluate the merits of Defendant's counterclaim at the pleading stage. Rather, Plaintiff's allegations that the counterclaims are brought in bad faith, *see* Am. Compl. ¶¶ 36-44, are sufficient to defeat Pall's motion to dismiss and proceed with discovery. Whether Defendant acted in good faith in asserting the counterclaims will be borne out in discovery, which will proceed regardless, as Defendant does not seek dismissal of the entirety of Plaintiff's retaliation claim. Accordingly, and for the reasons set forth above, Defendant's motion is denied.

## IV. CONCLUSION

For the reasons set forth herein, Defendant's partial motion to dismiss is denied. The Court has set a further status conference for January 14, 2027 at 10:30

a.m. in Courtroom 820 of the Central Islip courthouse, at which time, the parties should be prepared to discuss outstanding discovery.

Dated: Central Islip, New York
November 18, 2026

**SO ORDERED**

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge